# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN D. RODRIGUEZ,<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN HERNANDEZ,<br><br>                    Respondent. | Civil No.   07cv2230 J (LSP)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (West 2007).

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to either pay the $5.00 filing fee or move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains

1 available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404
2 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Moreover, to properly
3 exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or
4 her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that
5 an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed
6 by the Fourteenth Amendment,</u> he [or she] must say so, not only in federal court, but in state
7 court." *Id.* at 366 (emphasis added).

8      Nowhere on the Petition does Petitioner allege that he raised his claims in the California
9 Supreme Court. In fact, he specifically indicates he did not seek review in the California
10 Supreme Court. (*See* Pet. at 6-9.) If Petitioner has raised his claims in the California Supreme
11 Court he must so specify.

12      Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
13 Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
14 of habeas corpus by a person in custody pursuant to the judgment of a State court. The
15 limitation period shall run from the latest of:

16      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

17

18      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

19

20      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

21

22      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

23

24 28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

25      The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition
26 is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).
27 *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
28 when its delivery and acceptance [by the appropriate court officer for placement into the record]

1 are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than February 8, 2008**: (1) submit a copy of this Order together with the $5.00 fee or with adequate proof of his inability to pay the fee **AND** (2) submit a First Amended Petition which cures the pleading deficiencies outlined in this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS FORM AND A BLANK FIRST AMENDED PETITION FORM.**

**IT IS SO ORDERED.**

**DATED:** December 14, 2007

**HON. NAPOLEON A. JONES, JR.**
**United States District Judge**